UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK OHMER, ) | |
| ) | |
| *Plaintiff*, ) | No. 3:19-cv-00355-TAV-SKL |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Mark Ohmer ("Plaintiff" or "Ohmer") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying him disability insurance benefits ("DIB"). Each party moved for summary judgment [Doc. 18 & Doc. 23], and filed supporting briefs [Doc. 19 & Doc. 24]. Plaintiff also filed a response [Doc. 27] to the Commissioner's motion. This matter is now ripe, and for the reasons stated below, I **RECOMMEND** that (1) Plaintiff's motion for summary judgment [Doc. 18] be **GRANTED IN PART**; (2) the Commissioner's motion for summary judgment [Doc. 23] be **DENIED**; and (3) the decision of the Commissioner be **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**.

### I. ADMINISTRATIVE PROCEEDINGS

As reflected in the transcript of the administrative proceedings [Doc. 12 ("Tr.")], Plaintiff filed an application for DIB and SSI on February 3, 2016, alleging disability beginning January 6, 2016. He later amended his alleged onset of disability date to March 30, 2017 (Tr. 17). Plaintiff's claims were denied initially and on reconsideration. A hearing on Plaintiff's claims was held before an administrative law judge ("ALJ") on December 13, 2018. On February 28, 2019, the

ALJ issued an unfavorable decision, finding that Plaintiff was not under a "disability" as defined in the Social Security Act (the "Act"). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the instant action.

## II. FACTUAL BACKGROUND

### A. Education and Employment Background

Plaintiff was born on November 22, 1969. He has at least a high school education and is able to communicate in English (Tr. 29). He has past relevant work as a data communications technician and a microcomputer support specialist.

### B. Medical Records

Plaintiff alleges disability due to: "torn pcl in right knee, 2 broken bones in his back and 3 fractured ribs, broken heel bone, fractured bone in his neck, torn meniscus in left knee, thoracolumbar spondylosis, and bi polar disorder" (Tr. 1408). While there is no need to summarize the medical records herein, the relevant records have been reviewed.

### C. Hearing Testimony

At the hearing before the ALJ on December 13, 2018, Plaintiff and a vocational expert ("VE") testified. Plaintiff was represented by counsel at the hearing. The Court has carefully reviewed the transcript of the hearing.

## III. ELIGIBILITY AND THE ALJ'S FINDINGS

### A. Eligibility

"The Social Security Act defines a disability as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months.'" *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637, 646 (6th Cir. 2013) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 862 (6th Cir. 2011) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant is disabled "'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Parks*, 413 F. App'x at 862 (quoting 42 U.S.C. § 423(d)(2)(A)). The Social Security Administration ("SSA") determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v). The five-step process provides:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citations omitted). The claimant bears the burden to show the extent of his impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010) (citations omitted).

**B. The ALJ's Findings**

The ALJ found Plaintiff met the insured status requirements through December 31, 2021. At step one of the process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, March 30, 2017. At step two, the ALJ found Plaintiff had the following severe impairments: (1) neck/back injury status post motor vehicle accident; (2) cervical degenerative disc disease; (3) cervical radiculopathy; (4) lumbar degenerative disc disease; (5) thoracolumbar spondylosis; (6) history of right knee patellofemoral dislocation with subsequent open medical patellofemoral ligament (MPFL) repair; (7) history of left knee patella tendon anterior cruciate ligament (ACL) reconstruction with degenerative disc disease; (8) bipolar disorder; (9) depressive disorder; and (10) post-traumatic stress disorder (Tr. 20). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with these additional restrictions:

- He is limited to a sit/stand option with the ability to change position twice per hour for at least five minutes at a time.

- He is limited to frequent bilateral reaching, fingering, handling, and feeling.

- He can turn his head right and left at least forty-five degrees frequently, but not constantly.

- He must avoid concentrated exposure to hazards such as unprotected heights and moving machinery or equipment.

- He is limited to simple, routine, repetitive tasks or unskilled work.

- He has the ability to stay on task for up to two hours at a time.

- He can have no "constant changes in routine," cannot participate in "crisis situations," and cannot be required to engage in "complex decision making."

- He can only have occasional interaction with the public, supervisors, and co-workers.

(Tr. 22).

At step four, the ALJ found Plaintiff was incapable of performing his past relevant work. At step five, however, the ALJ Found Plaintiff was capable of performing other work existing in significant numbers in the national economy, including work as a small parts assembler, an inspector/hand packager, and a shipping and receiving weigher (Tr. 30). These findings led to the ALJ's determination that Plaintiff was not under a disability as defined in the Act from the alleged onset date through the date of the ALJ's decision.

## IV. ANALYSIS

Plaintiff asserts this matter should be reversed and remanded for an award of benefits or at least for further consideration of his claim. He "asks that the Court state it is not affirming any portion of the decision of the Commissioner, even if not specifically mentioned in [the Court's] order" [Doc. 19 at Page ID # 6605]. Plaintiff asserts there are two main errors with the ALJ's decision:

> **A.** **Opinion evidence**. The ALJ is required to weigh all medical opinion evidence and to give reasons for the weight he assigns that are supported by substantial evidence. Here, the ALJ failed to acknowledge or weigh the opinion of [a] treating care provider who found Ohmer has disabling limitations. When the ALJ fails to weigh relevant opinion evidence, is his decision supported by substantial evidence?
>
> **B.** **Credibility**. The ALJ is required to provide specific reasons for his credibility finding that are supported by the evidence. Here,

5

> the ALJ asserted Ohmer's statements were inconsistent with the
> medical evidence, but he identified no inconsistent medical
> evidence and he didn't apply regulatory factors in evaluating
> Ohmer's statements. When the ALJ's reasons for rejecting
> subjective evidence are legally insufficient, is his decision supported
> by substantial evidence?

[*Id.* at Page ID # 6585].

### A. Standard of Review

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence. 42 U.S.C. § 405(g); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citations omitted). The United States Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also McClanahan*, 474 F.3d at 833. Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (citations omitted); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971) (citation omitted). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes "there is a 'zone of choice' within which the

Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may not, however, consider any evidence which was not before the ALJ for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claims of error without further argument or authority may be considered waived).

### B. Opinion Evidence

First, Plaintiff argues the ALJ's decision should be reversed and remanded because the ALJ failed to discuss, acknowledge, or assign any weight to an opinion from Dawn Hale, a nurse practitioner who treated Plaintiff at the Lake Park Family Practice. NP Hale treated Plaintiff "for back and neck pain since at least March 28, 2016 through March 6, 2017." [Doc. 19 at Page ID # 6589]. She offered her opinion on March 6, 2017.

In formulating a claimant's RFC, "ALJs must evaluate every medical opinion they receive by considering several enumerated factors, including the nature and length of the doctor's relationship with the claimant and whether the opinion is supported by medical evidence and consistent with the rest of the record." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th

7

Cir. 2011) (citation omitted) (cleaned up). "When an ALJ's decision rejects the opinion of a medical expert who is not a treating physician, the decision 'must say enough to allow the appellate court to trace the path of [the ALJ's] reasoning.'" *Blythe v. Berryhill*, No. 18-1028-TMP, 2019 WL 4277000, at *4 (W.D. Tenn. Sept. 10, 2019) (citation and quotation omitted)

In her March 6, 2017, opinion, NP Hale wrote that Plaintiff can only rarely drive, and can never bend/twist at the waist, bend/twist at the neck, squat, crawl, climb, or balance. Specifically regarding his right arm, she found Plaintiff can rarely reach above or below his shoulder, and can only occasionally use a "power grasp," a "simple grasp," or perform "fine manipulation." (Tr. 3239). Regarding his left arm, she found he can occasionally reach below his shoulder, but only rarely reach above his shoulder, and he can occasionally perform a "simple grasp" and "fine manipulation," but only rarely perform a "power grasp." (Tr. 3239). She further found he had "moderate" restrictions in his ability to perform activities involving fixed or moving machinery, a cold or hot climate, a wet climate, noise, dust/fumes, use of powered equipment, and vibration (Tr. 3239). She found these restrictions would be permanent. Ultimately, she concluded Plaintiff could not work eight hours a day, even at the sedentary exertional level. In the "Comments" section of the form, NP Hale wrote, "Dizziness, chronic daily pain, recent emergent surgery." (Tr. 3239).

It is undisputed the ALJ did not explicitly address NP Hale's opinion. It is also undisputed NP Hale is not considered an "acceptable medical source," under the regulations that apply to Plaintiff's application for DIB [*see* Doc. 27 at Page ID # 6662 (Plaintiff's reply admitting, "NP Hale is not considered 'an acceptable medical source.")]. Regarding "Opinions from medical sources who are not acceptable medical sources," (and opinions from "nonmedical sources,") the regulations provide:

> (1) Consideration. Opinions from medical sources who are not acceptable medical sources and from nonmedical sources may

8

> reflect the source's judgment about some of the same issues addressed in medical opinions from acceptable medical sources. Although we will consider these opinions using the same factors as listed in paragraph (c)(1) through (c)(6) in this section, not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case. Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole.
>
> (2) Articulation. **The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case**. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision in hearing cases and in the notice of determination (that is, in the personalized disability notice) at the initial and reconsideration levels, if the determination is less than fully favorable.

20 C.F.R. § 404.1527(f).

The Commissioner takes the position that the ALJ's discussion of the evidence allows Plaintiff to follow the ALJ's reasoning, therefore, the ALJ's failure to explicitly discuss NP Hale's opinion does not warrant remand. Specifically, the Commissioner argues, the "ALJ considered medical evidence from throughout the relevant period, including recent unremarkable physical examination and a course of conservative treatment, and explained why he found Plaintiff could perform a range of light work." [Doc. 24 at Page ID # 6654].

Plaintiff counters:

> It is impossible to know if the ALJ was even aware that NP Hale gave an opinion, much less what weight he gave it and the reasons for that weight. The work-preclusive nature of the limitations [NP] Hale found would be outcome determinative if adopted by the ALJ. Her opinion retains relevance based on her long-term treatment of Ohmer. And it cannot be inferred from the outcome that the ALJ considered and rejected the opinion since he didn't acknowledge the exhibit in which it is found or any of the treatment record from Lake Park Family Practice. He may have overlooked the opinion, or may have rejected it for erroneous reasons.

[Doc. 27 at Page ID # 6663].

As this court has previously explained, "[a] review of other Social Security disability cases reveals that substantial evidence supports an ALJ's RFC determination when, although an ALJ may have failed to assign a specific weight to a nurse practitioner's opinion, the ALJ discussed it or provided reasons for discounting the opinion." *Slone v. Berryhill*, No. 3:17-cv-133-DCP, 2018 WL 6112405, at *8 (E.D. Tenn. Nov. 21, 2018) (citing cases). In *Slone*, the ALJ failed to assign any specific weight to the NP's opinion, but the ALJ "first detailed that [the NP] completed a medical opinion assessing Plaintiff's competitive standards in work related activities and noted that [the NP] indicated that Plaintiff would be expected to be absent from work more than four days per month." *Id.* Then, the ALJ stated that the NP's opinion was "'overly restrictive in light of the overall record,'" noting that the NP's "'office notes fail to reflect any mental status findings.'" *Id.* Finally, the court noted "the ALJ found that '[h]er opinion is inconsistent with other medical evidence, the longitudinal record, and the claimant's adaptive functioning.'" *Id.* In this case, the ALJ did none of these things.

In *Wilson v. Colvin*, another case from this court, the ALJ did not mention the NP's opinion, "much less explain the weight assigned to the opinion." No. 3:13-CV-84-TAV-CCS, 2014 WL 619713, at *5 (E.D. Tenn. Feb. 18, 2014). This court held, "[b]ased upon the complete disregard

for [the NP's] opinion, the Court finds that the ALJ failed to comply with Social Security Ruling 06-03p[1], and, therefore, the ALJ committed reversible error." *Id.* (further citing cases and noting, a "review of other Social Security disability cases reveals that the failure to address and weigh the opinions of 'other sources' is error"). In *Wilson*, the ALJ at least discussed the NP's treatment records, which the ALJ here did not do. *See id.* ("Discussing several of [the NP's] treatment notes generated during the Plaintiff's visits in 2008 did not fulfill or alleviate the ALJ's responsibilities under Social Security Ruling 06–03p.").

The *Wilson* court rejected the Commissioner's argument that the ALJ's failure to discuss the NP's opinion was harmless error, noting that "[a]lthough the Commissioner makes some valid arguments, the ALJ's decision did not consider, explain, or weigh [the NP's] opinion." *Id.* at *6. The court held:

> The Court acknowledges the Commissioner's arguments as to the shortcomings and inconsistencies alleged as to [the NP's] opinion, and it may well be that the ALJ will agree with these assessments. If so, the Court can then evaluate the ALJ's reasoning. However, the Court can neither substitute its own reasoning nor the Commissioner's proposed arguments for this omission. *See Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir.1991) (rejecting appellate counsel's post hoc rationalization for an agency's decision where no such explanation was enunciated in the decision, and holding that "[c]ourts are not at liberty to speculate on the basis of an administrative agency's order") (citations omitted). Without such reference, there is nothing for the Court to evaluate in order to

---

[1] The statement in SSR 06-03p, 2006 WL 2329939, at *6, that the ALJ "should explain" the weight given to opinions from "other sources," has since been codified in 20 C.F.R. § 404.1527(f)(2), which is quoted above and was effective at the time of the ALJ's decision. Moreover, in updating the regulations, the SSA clearly evidenced an intent to expand the explanation requirements for ALJs. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, at *5844 (Jan. 18, 2017) ("we are revising our rules to state that our adjudicators will articulate how they consider medical opinions from all medical sources"); *see also id.* at *5844-45 (for claims filed prior to March 27, 2017, "[w]e are adding our current policies found in SSR 06-03p, which explains how we consider and when we articulate our consideration of opinions from medical sources who are not AMSs and from nonmedical sources under our current rules, into the final rules for these claims.")

> conduct a meaningful review of the disability determination. *See Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir.2009) (holding that "the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision") (quoting *Wilson*, 378 F.3d at 544).
>
> Accordingly, the Plaintiff's allegation of error in this regard is well-taken. On remand, the ALJ is to explain: (1) what weight, if any, he gives [the NP's] December 2011 opinion; (2) his basis and reasoning for the determination; and (3) what effect, if any, it has on his overall decision.

*Wilson*, 2014 WL 619713, at *6.

The Commissioner does not cite to any cases, from the Eastern District of Tennessee or otherwise, wherein an ALJ completely failed to address a NP's opinion but the Court nevertheless affirmed an ALJ's decision denying benefits.

I note that NP Hale's opinion is primarily a checkmark form. Even with treating *physicians*, a checkmark-only medical opinion can be considered "patently deficient," such that an ALJ's failure to properly address it can be considered harmless error. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474-75 (6th Cir. 2016). Nevertheless, NP Hale did include *some* explanation as to the basis for her opinions, namely that Plaintiff experiences dizziness and chronic daily pain, and that he had "recent emergent surgery." (Tr. 3239). She further wrote that the "diagnoses affecting functionality," include "back, neck, knee, and foot injury" (Tr. 3237). Moreover, the record contains pages of her treatment records, which are not addressed by the ALJ and which may elucidate NP Hale's opinion further. Finally, while the Commissioner observes that NP Hale's opinion includes check marked boxes [*see* Doc. 24 at Page ID # 6653], the Commissioner does not argue the opinion is "patently deficient," despite how commonly this issue is raised in SSA cases. I therefore find that any argument to that effect has been waived. *See McGrew v. Duncan*, 937 F.3d 664, 669 (6th Cir. 2019) ("A party may not present a skeletal

12

argument, leaving the court to put flesh on its bones." (quoting *Ruffin v. Cuyahoga Cty.*, 708 F. App'x 276, 278 (6th Cir. 2018) (quotation marks omitted)).

Moreover, the ALJ assigned "some weight," to the Disability Determination Services ("DDS") nonexamining physician who reviewed Plaintiff's file and offered an opinion on November 1, 2016, and "greater weight," to the DDS nonexamining physician who reviewed Plaintiff's file and offered an opinion on February 2, 2017 (Tr. 26). Both of these opinions predate NP Hale's opinions, so the DDS physicians could not have considered NP Hale's opinion when crafting their own. *See Stacey*, 451 F. App'x at 519-20 (error not harmless where ALJ failed to weigh consultative examiner's opinion but credited DDS physician's opinion, reasoning "the ALJ does not indicate that he was even aware" that the DDS nonexamining physician never reviewed the consultative examiner's opinion).

Finally, I note NP Hale's opinion predates Plaintiff's amended alleged onset date,[2] but only by about three weeks, and NP Hale opined that his limitations were permanent as a result of *chronic* daily pain. *See Dimizio v. Berryhill*, No. 2:16-cv-6, 2017 WL 4078948, at *3 (E.D. Tenn. Sept. 13, 2017) ("The Sixth Circuit has expressly held that it does 'not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]'" (quoting *Deboard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006))). As with the "patently deficient" issue, the Commissioner does not argue that the timing of NP Hale's opinion should have any impact on the ALJ's obligation to consider it.

---

[2] The ALJ noted that "evidence discussed prior to the amended alleged onset date is for contextual and historical purposes only." (Tr. 17).

13

For these reasons, I am persuaded that the ALJ committed harmful error by failing to mention or otherwise indicate that he considered and rejected NP Hale's March 2017 opinion. I disagree with the Commissioner's argument that the ALJ's discussion of the evidence otherwise indicates his consideration of the opinion. The Commissioner does not argue, and I do not find, that NP Hale's opinion is simply cumulative of other evidence in the record, or that the restrictions opined to by Nurse Hale would not result in a further reduction of Plaintiff's RFC that could eliminate the possibility that Plaintiff can perform the occupations the ALJ identified as available to Plaintiff. Accordingly, I will recommend the Court remand this case to the Agency for further consideration of Plaintiff's claim in light of NP Hale's opinion.[3]

### B. Plaintiff's Subjective Statements and Related Arguments

Plaintiff further agues the ALJ failed to apply the appropriate "regulatory factors in evaluating" Plaintiff's subjective statements [Doc. 19 at Page ID # 6590]. If the above recommendation regarding NP Hale's opinion is accepted, it is assumed that the ALJ will reevaluate Plaintiff's subjective statements and/or limitations in light of the ALJ's consideration of NP Hale's opinion. Accordingly, I make no recommendation regarding the parties' arguments concerning the ALJ's treatment of Plaintiff's subjective statements.

Plaintiff's request that the Court "state it is not affirming any portion of the decision of the Commissioner, even if not specifically mentioned in its order," respectfully, should be declined.

---

[3] When the SSA "misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175-76 (6th Cir. 1994); *see also Barker v. Comm'r of Soc. Sec.*, No. 1:15-cv-262-SKL, 2016 WL 3448583, at *3 n.1 (E.D. Tenn. June 17, 2016) (citing *Faucher*, 17 F.3d at 174).

Plaintiff cites no basis for this request, and this report and recommendation speaks for itself, as will the Court's order addressing this report and recommendation.

## IV.     CONCLUSION

Having carefully reviewed the administrative record and the parties' arguments, I **RECOMMEND**[4] that:

1) Plaintiff's motion for summary judgment [Doc. 18] be **GRANTED IN PART** for the reasons stated herein;

2) The Commissioner's motion for summary judgment [Doc. 23] be **DENIED**; and

3) The Commissioner's decision denying benefits be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).